CROSS, Judge.
Relator, State of Florida ex rel. Robert D. Roose, by original proceedings instituted in this court seeks a writ of prohibition against the respondents, Harry Vorder-meier, J. E. Churchwell and Walter B. Decker, as and constituting the Florida Real Estate Commission, from exercising jurisdiction over the relator.
The court after having determined that a prima facie case had been made, issued the rule nisi, and pursuant thereto the respondents filed their return, a motion to dismiss the suggestion for the writ and to discharge the rule nisi. Relator then moved to quash the return and that the rule be made absolute.
The suggestion for the writ alleges that the commission was proceeding to impose against the relator a penalty, to-wit, the revocation or suspension of the relator’s real estate salesman’s license without jurisdiction, and further asserts that the charge contained in the information filed against him by the commission is based on the same transaction, matters and things about which he was subpoenaed before a grand jury, given immunity, and testified. Relator now asserts that by reason of the immunity afforded to him, the Respondent-Florida Real Estate Commission is without jurisdiction to further proceed against him in any way except to enter an order of dismissal.
The respondent is an agency of the State of Florida existing under the provisions of F.S. 1967, chapter 475, F.S.A. Pursuant to the provisions of said chapter, the respondent is authorized to cause to be filed and to receive, hear and determine information against those registered by it who are charged with violation of a provision of said chapter. The respondent is further empowered to revoke or suspend the registration of any broker or salesman found to have violated such provisions. In the exercise of its aforesaid jurisdiction the respondent caused to be filed before it an information against the relator, a registered real estate salesman.
The suggestion and return have raised many questions of fact and law as to the claim of immunity, its existence and effect as a bar to proceedings under the information. Determination of these matters is not within the proper scope of prohibition proceedings. State of Florida ex rel. Florida Real Estate Commission v. Anderson, Fla.App.1964, 164 So.2d 265; Rule 4.5(a) (2), F.A.R., 32 F.S.A.; 25 Fla. Jur., Prohibition, § 42; 20 Florida Law and Practice, Prohibition, § 8.
Further, in seeking prohibition, the burden is upon the relator to allege sufficient facts in the suggestion for the writ and to show in the record accompanying the suggestion that the respondent lacks jurisdiction or has exceeded it. State of Florida ex rel. Florida Industrial Commission v. Willis, Fla.App.1960, 124 So.2d 48. Neither the suggestion nor any of the attached documents contained a transcript of relator’s testimony before the grand jury, nor are the details of such testimony revealed in the suggestion.
*687 Accordingly, the rule nisi is discharged and the suggestion for the writ of prohibítion is dismissed.
WALDEN, C. J., and OWEN, J., concur.